**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 10-00162-CG** |
| | * | |
| **BERNARD MCGEE aka PETE SMITH** | * | |

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION FOR PSYCHIATRIC EVALUATION**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and in response to defendant's Motion for Psychiatric Evaluation (Doc. 13), says as follows:

McGee has moved for a psychiatric examination, presumably pursuant to the provisions of 18 U.S.C. § 4241, which relate to a defendant's competency to stand trial.[1]  In evaluating such a motion, the Court must determine whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  Id.

While the United States does not dispute the information in McGee's motion with respect to his history of treatment and medication by the Veteran's Administration or the Poarch Creek

---

[1]  As there has been no notice to date of intent to pursue an insanity defense, it does not appear that an evaluation pursuant to 18 U.S.C. § 4242 to determine McGee's sanity at the time of the offense is contemplated or appropriate.

1

Indian Reservation Clinic in Atmore,[2] it is not clear from the record that McGee is currently suffering from a mental disease or defect, or that such illness renders him incompetent to stand trial.  The medications identified by McGee in his motion all appear to be related to treatment of depression, but there is scant evidence of what basis there may be to conclude that he is currently incompetent.  Counsel for defendant had not received the treatment records at the time of his motion, and therefore the information available was understandably limited.  The undersigned has no independent information or records about McGee's mental status, and understands that counsel for defendant is out of the country this week, so the United States has no additional relevant information as to McGee's mental condition.

Given McGee's apparent history of treatment and medication, and the mandatory 25 year or mandatory life sentence that may be at issue in this case, the United States submits that it is in the best interest of the parties and the Court to resolve any questions relating to his competency and sanity.  However, with the dearth of information or evidence on the record, it is not clear that there is at this time reasonable cause to believe that McGee is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.  Should there be such evidence, the United States would not oppose, and would join, McGee's motion for a psychological evaluation to appropriately resolve the question.

---

[2]  The United States has no independent evidence or information about this previous treatment or medication.  The United States is relying on the representations made by McGee's counsel, and has no reason to dispute them.

Respectfully Submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: /s/ Sean P. Costello
Sean P. Costello (COSTS3753)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5277
E-mail: sean.costello@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for defendant.

/s/ Sean P. Costello
Sean P. Costello
Assistant United States Attorney

3