**JSB**  **IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | *   CR-10-00162-CG |
| | * |
| **BERNARD MCGEE** | * |
|    **aka Pete Smith** | * |

**NOTICE OF INTENT TO INTRODUCE**
**RULE 414 EVIDENCE**

COMES NOW the United States of America, by and through its attorney, Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and serves formal notice that the United States may seek to introduce the fact of, and the facts underlying, the following crimes, wrongs and/or acts of the defendant, BERNARD MCGEE, at trial pursuant to Fed. R. Evid. 414, Fed. R. Evid. 609 and otherwise:

1. The defendant was arrested on or about June 1, 2010, at or near 6232 Spanish Trail Drive in Mobile, Alabama, and charged with Production of Child Pornography.

2. Detective Jeff Corley of the Mobile Police Department conducted the investigation into these charges and into this defendant. His investigation yielded evidence of other crimes, wrongs, and or acts on the part of this defendant which are probative to this matter.

3. Most notably, the defendant was previously convicted as "Peter McGhee" of Molestation of a Female Child on December 3, 1979, in the Circuit Court of Escambia County, Alabama. The defendant was sentenced to 5 years imprisonment, but was released on September 29, 1980.

4. Moreover, the defendant was arrested and charged with Indecent Molestation of a Child Under Twelve on or about July 25, 1976, in Mobile, Alabama.

5. Federal Rule of Evidence 414 states, in pertinent part:

> "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."

*See* Fed. R. Evid. 414(a).

6. In this instance, the defendant is charged with offenses pertaining to child pornography. Nonetheless, "child molestation" for purposes of Rule 414 includes any conduct proscribed by chapters 109A and 110 of title 18, including child pornography offenses, in the United States Code. *See* Fed. R. Evid. 414(d). In United States v. Carino, 368 Fed.Appx. 929, 2010 WL 827909 (C.A.11 (Fla.)) the court held, "It follows that in prosecutions for possession or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged." *Id.* at 929-30.

7. The evidence is more probative than prejudicial because it shows an unusual disposition of the defendant, a sexual or sado-sexual interest in children, that simply does not exist in ordinary people.

8. This case requires reliance on child victims witnesses whose credibility can readily be attacked in the absence of substantial corroboration. Therefore, there is compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charges and any denial by the defense.

Respectfully submitted this 5th day of October, 2010.

        KENYEN R. BROWN
        UNITED STATES ATTORNEY
        By:

        */s/ Joshua S. Bearden*
        Joshua S. Bearden (bearj7503)

        /s/ Vicki M. Davis
        Vicki M. Davis (daviv5174)
        Assistant United States Attorneys
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845
        Facsimile: (251) 441-5131

**CERTIFICATE OF SERVICE**

      I hereby certify that, on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Gregory Hughes, Esquire, counsel for defendant.

        */s/ Joshua S. Bearden*
        Joshua S. Bearden
        Assistant United States Attorney