**JSB**  **IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | *   **CRIMINAL NO. 10-00162-CG** |
| **v.** | * |
| | * |
| **BERNARD MCGEE** | * |
| aka Pete Smith | * |

## NOTICE OF INTENT AND MOTION TO INTRODUCE
## RULE 404(b) EVIDENCE

COMES NOW the United States of America, by and through its attorney, Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and serves formal notice that the United States may seek to introduce the fact of, and the facts underlying, the following crimes, wrongs and/or acts of the defendant, BERNARD MCGEE, aka Pete Smith, at trial pursuant to Fed. R. Evid. 404(b).

1. The defendant was arrested on or about June 1, 2010, at or near 6232 Spanish Trail Drive in Mobile, Alabama, and charged with Production of Child Pornography.

2. Detective Jeff Corley of the Mobile Police Department conducted the investigation into these charges and into this defendant. His investigation yielded evidence of other crimes, wrongs, and or acts on the part of this defendant which are probative to this matter.

3. Most notably, the defendant was previously convicted as "Peter McGhee" of Molestation of a Female Child on December 3, 1979, in the Circuit Court of Escambia County, Alabama. The defendant was sentenced to 5 years imprisonment, but was released on September 29, 1980.

4. Moreover, the defendant was arrested and charged with Indecent Molestation of a Child Under Twelve on or about July 25, 1976, in Mobile, Alabama.

     5. Federal Rule of Evidence 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

     6. In <u>United States v. Carino</u>, 368 Fed.Appx. 929, 2010 WL 827909 (C.A.11(Fla)), the Eleventh Circuit Court of Appeals recently held that admission of evidence that defendant, who was 48 years old at the time of trial, sexually molested his sister when he was 16 and she was 11, was not an abuse of discretion. Specifically, in <u>Carino</u>, the defendant appealed whether the district court failed to properly conduct a Rule 403 balancing before admitting his sister's testimony that he sexually molested her when she was 11. *Id.* at 929. In reviewing the admissibility of the evidence under an abuse of discretion standard, the Eleventh Circuit Court of Appeals held that the district court properly weighed the probative and prejudicial value of the testimony before allowing the same. *Id.* at 930.

     In reviewing the admissibility of the evidence under an abuse of discretion standard, the Eleventh Circuit Court of Appeals held that the district court properly weighed the probative and prejudicial value of the testimony before allowing the same. *Id.* at 2. In this instance, evidence of the defendant's other crimes, wrongs, and acts are admissible to establish proof of motive, intent, and identity, under Federal Rule of Evidence 404(b). Moreover, sufficient and relevant nexus exists between the nature of this defendant's previous conviction and arrest for sexual offenses against children and the facts in the instant case. Specifically, this evidence sufficiently

establishes that this defendant has an unusual sexual interest in female children and has demonstrated a propensity to act upon the same.  The facts of this case involve the possession and production of child pornography, particularly of young girls.  Some of the images depict the defendant inappropriately touching female children in a sexual manner.  As noted, the defendant was previously convicted of Molestation of a Female Child and arrested for Indecent Molestation of a Child Under 12.  Therefore, the defendant has an established sexual preference and predilection for young female girls and evidence of these crimes and acts are clearly more probative that prejudicial.

Respectfully submitted this 5th day of October, 2010.

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:

*/s/ Joshua S. Bearden*
Joshua S. Bearden (bearj7503)

*/s/ Vicki M. Davis*
Vicki M. Davis   (daviv5174)
Assistant United States Attorneys
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5131

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Greg Hughes, Esquire, counsel for defendant.

*/s/ Joshua S. Bearden*
Joshua S. Bearden
Assistant United States Attorney